**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                  Case No. 06-cr-0026-SM

Carrie Davis

**O R D E R**

Defendant moves to reduce her sentence based upon the recent amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (document no. 27).  For the reasons stated below, the motion to reduce sentence is DENIED.

On May 1, 2007, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine. Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances.  This amendment took effect November 1, 2007.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated.  The Commission set the effective date for the retroactive application of this amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which she is presently incarcerated, it is determined that defendant is not eligible to seek a reduced sentence under this amendment.  The defendant previously received a statutory minimum mandatory sentence that was greater than the maximum guideline range which, as a result, became the applicable guideline range pursuant to USSG §5G1.1(b).  Applying the retroactive application of the crack cocaine amendment in this case, the court first notes that the defendant does not receive a two-level reduction in her base offense level due to the conversion of multiple drugs to their marijuana equivalent.  Nonetheless, even if the defendant was entitled to a two level reduction in her base offense level, the retroactive application of the crack cocaine amendment does not result in a

lower sentence because the defendant is subject to a minimum mandatory penalty in excess of the applicable guideline range.

Therefore, for the foregoing reasons, Defendant's motion to reduce sentence (document no. 27) is DENIED.

**SO ORDERED.**

Date: March 28, 2008

_____
Steven J. McAuliffe
United States District Judge

cc: Carrie Davis, pro se
    Counsel of Record